UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYNDICATED OFFICE SYSTEMS, INC., ASSIGNEE OF ST. LOUIS UNIVERSITY HOSPITAL, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| THE GUARDIAN LIFE INSURANCE CO., | ) ) ) |
| Defendant. | ) |

Case No. 4:05CV00640 ERW

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [doc. #11]. In the Motion, Plaintiff requests leave to file an attached Surreply because, according to Plaintiff, Defendant's Reply has improperly introduced materials which are extraneous to the pleadings. Plaintiff further argues that the Reply raises new arguments which were not included in Defendant's original Motion. Because Plaintiff's Motion essentially requests that the Court strike certain materials filed by Defendant and because the proposed Surreply essentially argues why certain matters should be stricken, the Court will construe Plaintiff's Motion as a Motion to Strike, and the Court will construe the proposed Surreply as a Memorandum in Support of the Motion to Strike.

Plaintiff argues that Defendant's Reply brief improperly introduces and relies upon materials extraneous to the pleadings. Plaintiff requests that the Reply brief be stricken. Defendant has attached, as Exhibit "A" to its Reply, a copy of a certain group insurance plan, and Defendant has relied on this document to provide support for its argument in the Reply. The plan document was not attached to the Petition. A motion to dismiss made pursuant to Rule 12(b)(6) "must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court." *Woods*

1

*v. Dugan*, 660 F.2d 379, 380 (8th Cir. 1981). If extraneous matters are presented, "the court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials." *McDonnell Douglas Corp. v. Technology, Inc.*, 933 F.Supp. 822, 826 (E.D. Mo. 1996); *see also BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003); *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).[1]

Because it constitutes extraneous matter outside the pleadings, not properly considered on a motion to dismiss, the Court will strike Defendant's Exhibit A, attached to Defendant's Reply. Further, the Court will strike all statements in the Reply which rely on Exhibit A. These materials will not be considered by the Court in ruling on Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss [doc. #11], which has been construed by the Court as Plaintiff's Motion to Strike, is **GRANTED**.

Dated this 29th day of June, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] "It is true that the plaintiff must supply any documents upon which its complaint relies, and if the plaintiff does not provide such documents the defendant is free to do so." *BJC Health Sys.*, 348 F.3d at 688. Here, however, Defendant has not merely provided a document upon which Plaintiff's petition relies. Thus, the Court agrees with Plaintiff that the attachment at issue here does not fall within this exception and is therefore not permissible.