**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SYNDICATED OFFICE SYSTEMS, INC. ) <br> ASSIGNEE OF ST. LOUIS UNIVERSITY ) <br> HOSPITAL, ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA[1] ) <br> ) <br>     Defendant. ) | Case No. 4:05CV00640 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss [doc. #3] for failure to state a claim upon which relief may be granted. Defendant argues that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA).

**I.     BACKGROUND FACTS**

On March 21, 2005, Plaintiff filed suit in the Circuit Court of the City of St. Louis. Defendant removed the case to this Court on April 21, 2005. The Complaint alleges that on June 5, 2000, Diane Feverston (Feverston) was injured in an automobile accident and was admitted to St. Louis University Hospital (Hospital) for treatment. Feverston's injuries prevented her from communicating at the time of her admission. Hospital personnel later learned that Feverston had health insurance through Defendant and made contact with Defendant on or about June 12, 2000. Defendant told Hospital personnel that Hospital would need a "precertification number," which the Hospital obtained from

---

[1] The Court has been informed by Defendant that Defendant's correct name is The Guardian Life Insurance Company of America.

Defendant on or about June 13, 2000.

The Complaint further alleges that between June 13 and August 31, 2000, Hospital personnel contacted Defendant multiple times and obtained numerous certifications for additional days of treatment. Relying on Defendant's representations that Feverston was covered by Defendant's health insurance plan and the precertification authorizations Defendant provided, Hospital provided professional goods and services valued at $580,052.76. Hospital provided interim billing statements to Defendant periodically during the course of Feverston's treatment. Despite having repeatedly authorized treatment and despite having received interim billings advising of completed treatment, Defendant refused to pay the charges incurred by Hospital. As a result, Plaintiff has sued for damages under the theories of Detrimental Reliance, Promissory Estoppel, and Negligent Misrepresentation.

On April 25, 2005, Defendant filed a 12(b)(6) motion to dismiss asserting that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA). In its memorandum in support of the motion, Defendant argues that the preemption provision of ERISA applies because Feverston participated in a self-funded health benefit plan obtained through her employer, KFORCE.COM. In its opposition, Plaintiff argues that ERISA does not preempt its state tort claims because the claims do not "relate to" an ERISA plan as defined by case law. Because the court agrees with Plaintiff, Defendant's Motion to Dismiss will be denied.

## II.  MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Banking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

**III. DISCUSSION**

The sole issue in Defendant's 12(b)(6) motion to dismiss is whether the state common law tort and estoppel claims brought by Plaintiff, a third-party service provider, against Defendant, a plan administrator, are preempted by ERISA as a matter of law. This issue has been addressed by the Eighth Circuit. *See In Home Health, Inc. v. Prudential Ins. Co. of Am.*, 101 F.3d 600, 604 (8th Cir. 1996).

Congress included an express preemption clause in ERISA, which provides that ERISA preempts all state laws to the extent that they "relate to" an employee benefit plan under ERISA. 29 U.S.C. § 1144(a); *Wilson v. Zoellner*, 114 F.3d 713, 716 (8th Cir. 1997). The Supreme Court has concluded that a state law "relates to" an employee benefit plan if it (1) expressly refers to an ERISA

3

plan, or (2) has a connection with such a plan. *See Cal. Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.,* 519 U.S. 316, 324 (1997); *Wilson,* 114 F.3d at 716.

In the present case, neither party contends that Plaintiff has expressly referred to an ERISA plan. This court finds that the Complaint "makes no reference to and functions irrespective of the existence of an ERISA plan." *Wilson,* 114 F.3d at 717 (discussing a Missouri law negligent misrepresentation claim). The focus of the parties' disagreement is whether Plaintiff's claims have a sufficient "connection with" an employee benefit plan under the Supreme Court's standard.

To determine whether a sufficient connection exists, this Court must "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive as well as to the nature of the effect of the state law on ERISA plans." *Cal. Div. of Labor Standards Enforcement,* 519 U.S. at 325 (internal quotations and citation omitted). The Eighth Circuit has identified the following seven factors that should be considered by a court when making its determination:

> "[1] whether the state law negates an ERISA plan provision, [2] whether the state law affects relations between primary ERISA entities, [3] whether the state law impacts the structure of ERISA plans, [4] whether the state law impacts the administration of ERISA plans, [5] whether the state law has an economic impact on ERISA plans, [6] whether preemption of the state law is consistent with other ERISA provisions, and [7] whether the state law is an exercise of traditional state power."

*Shea v. Esensten*, 208 F.3d 712, 718 (8th Cir. 2000) (quoting *Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.,* 947 F.2d 1341, 1344-45 (8th Cir.1991)).

### *Factor 1: Whether the state law negates an ERISA plan provision*

The claims do not negate an ERISA plan provision. Plaintiff is not suing for KFORCE.COM plan benefits nor does Plaintiff seek the enforcement or expansion of any plan coverages. Plaintiff

4

sues Defendant for damages for its misrepresentations, irrespective of any plan provision. *See Wilson*, 114 F.3d at 715 (concluding that a Missouri common law claim of fraudulent misrepresentation did not negate an ERISA plan provision); *see also In Home Heath, Inc.*, 101 F.3d at 605; *Stewart v. Pershing Health Sys.*, 182 F. Supp. 2d 856, 861 (E.D. Mo. 2001). Therefore, Plaintiff's claims do not negate an ERISA plan provision.

### *Factors 2 & 3: Whether the state law affects relations between primary ERISA entities, and whether the state law impacts the structure of ERISA plans*

The Eighth Circuit's second and third factors are treated identically. *Ark. Blue Cross & Blue Shield*, 947 F.2d at 1346 n.4; *In Home Heath, Inc.*, 101 F.3d at 605. Based on the pleadings, there is no indication that the claim either affects relations between primary ERISA entities or impacts the structure of ERISA plans. Plaintiff's claim does not affect relations between primary ERISA entities because Plaintiff seeks to hold Defendant liable for its tortious acts, not for any breach of a fiduciary duty. *See Wilson*, 114 F.3d at 718. If Defendant does incur liability in this case, it will be "as the employer of a tortfeasor, and not as a plan fiduciary." *Id.* Consequently, Defendant "will not be liable in any way for its administration of the ERISA plan, but rather for the coincidental and unrelated conduct of its agent." *Id.* Because Defendant will not be subject to liability incurred due to its role as an ERISA entity, its relationship with other ERISA entites will not be affected by the suit. *Id*. Moreover, there is no indication that Defendant's alleged misrepresentations of Feverston's coverage will have any bearing on the terms of the ERISA employee benefits plan. *See In Home Health, Inc.*, 101 F.3d at 606. Accordingly, a recovery by Plaintiff against Defendant would not impact the structure of the ERISA plan or affect relations between primary ERISA entities.

### *Factor 4: Whether the state law impacts the administration of ERISA plans*

Plaintiff's claims do not impact the administration of the plan. Defendant was under no obligation to respond to Hospital's inquiries regarding whether Feverston was covered by Defendant's plan. *See Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 247 (5th Cir. 1990) ("[O]bligations of ERISA fiduciaries run only . . . for the benefit of participants and beneficiaries. The Act imposes no fiduciary responsibilities in favor of third-party health care providers regarding the accurate disclosure of information."). Defendant could have simply refused to answer Hospital's questions about the existence of and sufficiency of Feverston's coverage. *In Home Health, Inc.*, 101 F.3d at 606. A recovery by Plaintiff would not impose a future duty on Defendant to respond to inquiries from third party health care providers. *Id.* If Defendant chooses to respond to such inquiries in the future, it would only be required to perform a bookkeeping function. *Id.*; *see also Wilson*, 114 F.3d at 718 (Missouri common law claim of fraudulent misrepresentation did not impact the administration of an ERISA plan); *Stewart*, 182 F. Supp. 2d at 862 (Missouri common law claim of fraudulent misrepresentation is "a lawsuit to enforce an independent state-created duty [which] will not impact the structure, administration or economics of the ERISA plan in any meaningful way"). Therefore, any impact of Plaintiff's claims on plan administration would be non-existent or practically insignificant.

*Factor 5: Whether the state law has an economic impact on ERISA plans*

The court finds no indication that the claim will have an economic impact on the plan. Plaintiff is not suing KFORCE.COM, nor is there is there any indication that the plan will indemnify Defendant for any tortious acts performed by its employees. The fact that Defendant may choose to raise its rates or decline to provide service altogether if it is held responsible for its alleged misrepresentations is merely a potential, indirect impact and is too attenuated to be considered here.

*Wilson*, 114 F.3d at 719. For the purposes of this motion to dismiss, the Court concludes that the claim will have little or no economic impact on the plan.

### *Factor 6: Whether preemption of the state law is consistent with other ERISA provisions*

Allowing the preemption of the claim would be inconsistent with the basic tenets of ERISA. One of the primary purposes of the act is "to protect . . . the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Accepting Plaintiff's facts as true, Feverston did not have insurance coverage at the time Hospital treated her, precluding Plaintiff from recovering against the plan itself. However, Hospital relied on assurances from Defendant that coverage existed. If Plaintiff's common law claims were preempted, Plaintiff would be without recourse to recover payment for services provided. If this result occurred, health care providers would be "understandably reluctant to accept the risk of non-payment and may require up-front payment by beneficiaries – or impose other inconveniences – before treatment is offered. This does not serve, but rather directly defeats, the purpose of Congress in enacting ERISA." *In Home Health, Inc.*, 101 F.3d at 606-07 (citing *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 247-48 (5th Cir. 1990)). The Court finds that, under these facts, preemption would be contrary to ERISA's purpose of protecting the interests of participants in employee benefit plans and their beneficiaries.

### *Factor 7: Whether the state law is an exercise of traditional state power*

As noted by the Eighth Circuit, "Missouri exercises a traditional state power in adjudicating claims of negligent misrepresentation in its courts." *Stewart*, 182 F. Supp. 2d at 862-63 (internal quotation marks and citations omitted). Likewise, Missouri courts have long recognized their ability to provide relief in cases involving promissory estoppel. Therefore, there is no doubt that the adjudication of Plaintiff's claims is an exercise of traditional state power.

Assuming for the purposes of this motion to dismiss that the facts alleged in the Complaint are true and viewing all inferences in the light most favorable to Plaintiff, the Court concludes that none of the seven factors outlined above weigh in favor of Defendant's argument. Accordingly, the claims do not have a sufficient "connection with" an ERISA plan to be preempted by ERISA.

The Eighth Circuit reached the same conclusion in a factually similar case. *In Home Health v. Prudential Life Ins. Co. of Am.* involved a plaintiff health care provider who provided services to a participant in an ERISA-governed health plan. 101 F.3d at 602. Services went to the participant after the plaintiff verified coverage with the heath plan's administrator. *Id*. Notwithstanding verifying coverage, the defendant denied payment. *Id*. The plaintiff brought negligent misrepresentation claims against the defendant and the defendant moved to dismiss based upon ERISA preemption. *Id*. The Eighth Circuit, based upon the foregoing analysis, concluded that the negligent misrepresentation claim was not preempted. *Id*. at 606. Other circuits have held likewise.[2]

---

[2] *See Mem'l Hosp. Sys.*, 904 F.2d at 250 (stating "[w]e cannot believe that Congress intended the preemptive scope of ERISA to shield welfare plan fiduciaries from the consequences of their acts toward non-ERISA health care providers when a cause of action based on such conduct would not relate to the terms or conditions of a welfare plan, nor affect--or affect only tangentially--the ongoing administration of the plan."); *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1010 (9th Cir. 1995) (holding that the "state law claims for misrepresentation and estoppel make no reference to and function irrespective of the existence of an ERISA plan.") (internal quotation marks and citations omitted); *Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.,* 944 F.2d 752, 756 (10th Cir. 1991) (holding that "[a]n action brought by a

## IV. CONCLUSION

The ERISA preemption clause indicates that state laws are preempted by ERISA only to the extent that they "relate to" an ERISA employee benefit plan either by express reference or by having a sufficient "connection with" the plan. Construing the facts in favor of the non-moving party, the Court finds that Plaintiff's Complaint meets neither condition. Therefore, Plaintiff's Detrimental Reliance, Promissory Estoppel, and Negligent Misrepresentation claims are not preempted by ERISA and, consequently, cannot be dismissed for failure to state a claim.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #5] is **DENIED**.

So Ordered this 5th Day of July, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

health care provider to recover promised payment from an insurance carrier is distinct from an action brought by a plan participant against the insurer seeking recovery of benefits . . . Preemption in this case would stretch the 'connected with or related to' standard too far.").

9