# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SYNDICATED OFFICE SYSTEMS, INC., assignee of SAINT LOUIS UNIVERSITY HOSPITAL et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE GUARDIAN LIFE INSURANCE CO. OF NORTH AMERICA, <br><br> Defendant. | Case No. 4:05CV00640 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Plaintiffs' Motion for Default Judgment or, in the Alternative, to Compel Discovery Responses and for Sanctions [doc. #46] and Plaintiffs' Motion for Attorney Fees [doc. #66].

On March 31, 2006, the Court noted that it expected to sanction Guardian for its delay in responding to Plaintiffs' discovery requests by awarding Plaintiffs their attorneys' fees incurred in pursuing their Motion for Default Judgment or, in the Alternative, to Compel Discovery Responses and for Sanctions ("Motion to Compel and for Sanctions"). The Court instructed Plaintiffs to file a statement of attorneys' fees with an attached affidavit. *See* Mem. and Order (March 31, 2006) [doc. #64]. Plaintiffs have filed the requested information in their Motion for Attorney Fees [doc. #66]. Guardian has objected to some of the requested fees.

Plaintiffs state that they have incurred attorneys' fees in the sum of $8,176.78 in pursuing their Motion to Compel and for Sanctions. In support of their request, Plaintiffs present the affidavit of Madeleine Elkins, the person responsible for collecting and billing for services rendered by the attorneys employed by The Lowenbaum Partnership. The affidavit contains detailed time entries and corresponding billing amounts for a total of 38.67 hours at rates ranging from $190.00 per hour to $245.00 per hour. As Defendant Guardian correctly points out, some of these entries represent work done which is not related to Guardian's delay in responding to Plaintiff's discovery requests. Therefore, the Court will allow the

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

recovery of the requested fees, but will exclude those requested amounts which relate to Guardian's motion for leave to file its answer out of time,[1] settlement negotiations,[2] and other matters not closely related to Guardian's delay in responding to Plaintiffs' discovery requests or the pursuit of Plaintiffs' Motion to Compel and for Sanctions.[3] The Court will order Guardian to pay $6,213.66[4] to Plaintiffs as a sanction for its delay in responding to Plaintiffs' discovery requests.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment or, in the Alternative, to Compel Discovery Responses and for Sanctions [doc. #46] and Plaintiffs' Motion for Attorney Fees [doc. #66] are **GRANTED, in part**. Guardian shall pay $6,213.66 to Plaintiffs as a sanction for its delay in responding to Plaintiffs' discovery requests.

Dated this 16th day of June, 2006.

*E. Richard Webber* (signature)

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] The $1,560.00 in requested fees that relate to Guardian's motion for leave to file its answer out of time will be excluded: (1) 2/23/06 entry for $142.50 (CLF); (2) 2/27/06 entry for $380.00 (CLF); (3) 3/1/06 entry for $215.00 (SGS); (4) 3/2/06 entry for $53.75 (SGS); (5) 3/2/06 entry for $673.75 (SGS); (6) two 3/3/06 entries for $47.50 each (CLF). Two other entries relate in part to Guardian's answer to the complaint. Plaintiffs will be permitted to recover one-half of the fees included in these time entries: (1) 2/28/06 entry for $61.25 (SGS); and (2) 3/3/06 entry for $215.00 (SGS). Thus, $138.12 will be excluded to account for these two entries.

[2] The 2/23/06 entry for $95.00 (CLF) will be excluded because it relates to settlement discussions. The 2/27/06 entry for $367.50 (SGS) will be reduced by one-third because it partially relates to settlement discussions. The 2/27/06 entry for $61.25 (SGS) and the 3/10/06 entry for $485.75 (SGS) will be permitted because both entries substantially relate to the pursuit of Plaintiffs' Motion. Thus, a total of $217.50 will be excluded to account for the entries relating to settlement discussions.

[3] The 2/22/06 entry for $47.50 (CLF) will be excluded because it relates to Kforce, another defendant in this matter which has since been terminated.

[4] $8176.78 – ($1,560 + $138.12 + $217.50 + $47.50) = $6213.66

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com